IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cr-00226-FDW-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| (2) TYREE CRAIG JONES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant Tyree Craig Jones's pro se Motion for Compassionate Release and Supplemental Motion for Compassionate Release. (Doc. Nos. 194, 196). Also before the Court is Defendant's pro se Motion for Resentencing. (Doc. No. 193).

## I. BACKGROUND

On September 17, 2015, Defendant was indicted and charged with one count of conspiring to commit health care fraud for his role in a scheme to defraud the North Carolina Medicaid Assistance Program out of more than $6.8 million. (Doc. No. 3). Among other things, Defendant and his business partner fraudulently billed Medicaid for millions of dollars of behavioral health services through their companies Esteem and Carolina Care One that were never provided. See (Doc. No. 104, ¶¶ 5-36). Defendant and two of his co-defendants proceeded to trial in July 2016. Id. at 3. On the last morning of trial, Defendant entered a straight-up guilty plea. Id. at ¶ 50. Later that day, the jury returned guilty verdicts against Defendant's co-defendants. Id.

On November 21, 2016, the Court sentenced Defendant to 85 months imprisonment. (Doc. No. 116). The Defendant is currently incarcerated at FCI Edgefield in South Carolina. See https://www.bop.gov/inmateloc/ Reg. No. 26123-058 (last accessed July 17, 2020). Defendant has served nearly half of his sentence, and his projected release date is August 4, 2022. See id.

1

On March 29, 2019, Defendant filed a pro se Motion for Resentencing under Sections 402(a) and 404(b) of the First Step Act claiming that he was eligible for relief under the new "Safety Valve" provisions. (Doc. No. 193). On March 27, 2020, Defendant made a written request to the Warden of FCI Edgefield for compassionate release, citing the need to care for his 71-year-old mother and a general fear of the COVID-19 pandemic. See (Doc. No. 194, p. 2-5; Doc. No. 196, p. 2). On April 17, 2020, Defendant filed a pro se Motion for Compassionate Release pursuant to § 3582(c)(1)(A). (Doc. No. 194). On May 5, 2020, Defendant filed a Supplement to his Motion for Compassionate Release attaching the Warden's April 27, 2020 denial of Defendant's request that BOP file a compassionate release motion on his behalf. (Doc. No. 196).

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion for Compassionate Release, Defendant cites the COVID-19 coronavirus pandemic, his inability to practice social distancing, his IBS, and a hernia, as reasons for his immediate release to home confinement. (Doc. No. 194, p. 2). Further, Defendant also states that he wants to care for his 71-year-old mother who suffers diabetes and had knee surgery in May. Id. at 2-3.

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[1]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

(A) Medical Condition of the Defendant –

(i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….

(ii) The defendant is –

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

---

[1] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3.

Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to supporting his Motion pursuant to § 3582(c)(1)(A)(i).[2] Defendant does not assert that he has a terminal or serious health condition from which he is not expected to recover, deterioration in physical or mental health due to aging, or family circumstances relating to a spouse or minor child[3] that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1. (Doc. Nos. 194, 196).

Nor does Defendant identify any other circumstances that are "extraordinary and compelling" under subsection D of the applicable policy statement other than the COVID-19 pandemic. See id.; see also U.S.S.G. § 1B1.13, application note 1(D). The COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a compassionate release. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison

---

[2] Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

[3] Defendant also cites his claimed need to care for his 71-year old mother grounds supporting his motions. (Doc. No. 194, p. 2-3). While admirable, if true, this is outside the scope of § 1B1.13, application note 1(C)(i-ii), which only applies to minor children and partners.

4

alone cannot independently justify compassionate release."). Thus, Defendant has therefore failed to make the required showing under § 3582(c)(1)(A)(i).

Even if Defendant had met his burden of establishing an "extraordinary and compelling reason" for a sentence reduction, the Court denies the request because it is not warranted under the applicable § 3553(a) factors. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020). As a preliminary matter, the Court must consider whether release is warranted given the applicable § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A). These factors include (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established for the applicable category of offense or defendant; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Defendant is a recidivist. In this case, he helped defraud the North Carolina Medicaid system out of more than $6.8 million. (Doc. No. 104, p. 4). Defendant had previous convictions related to mortgage fraud. Id. at 14. Moreover, Defendant committed part of the Medicaid fraud while on release pending his BOP Report Date for those prior convictions. Id. at. 9, 14. Although Defendant pled guilty on the last morning of trial, no reduction for acceptance of responsibility has been factored into his sentencing. Id. at 10. Thus, his release is not warranted under the relevant § 3553(a) factors.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted compassionate release, and therefore, his Motion for Compassionate Release/Reduction (Doc. No. 194) is DENIED.

### III. DEFENDANT'S MOTION FOR RESENTENCING

Defendant's Motion for Resentencing seeks relief under Sections 402(a) and 404 of the First Step Act. (Doc. No. 193, p. 1-2). Section 402 amended the criteria under the "Safety Valve" provisions of 18 U.S.C. § 3553(f) to qualify for resentencing for controlled substances violations. See First Step Act, Pub. L. No. 115- 391, § 402(a), 132 Stat. 5194, 5221 (2018).

Section 404 gave retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. See id. § 404. Section 2 of the Fair Sentencing Act of 2010 increased the quantity of crack cocaine required to trigger the enhanced penalties of 21 U.S.C. § 841(b). Fair Sentencing Act of 2010, P. Law 111-220, § 2, 124 Stat. 2372 (2010). Section 3 of that Act eliminated certain mandatory minimum sentences for violations of 21 U.S.C. § 844(a) relating to simple possession of controlled substances. Id. § 3. In other words, Section 404 of the First Step Act mandates retroactive application of the Fair Sentencing Act of 2010, which reduced mandatory minimum penalties for crack cocaine offenses and eliminated certain mandatory minimum sentences for violations of 21 U.S.C. § 844(a) relating to simple possession of controlled substances.

Neither Section 402(a) nor Section 404 of that Act have any applicability to Defendant's convictions. Defendant was convicted of conspiring to commit a health care fraud offense in 2016, and he did not receive a mandatory minimum sentence. The First Step Act provisions he relies upon have no applicability to him. Accordingly, his Motion for Resentencing (Doc. No. 193) is DENIED.

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 194) and Motion for Resentencing (Doc. No. 193) are DENIED.

IT IS SO ORDERED.

Signed: July 28, 2020

Frank D. Whitney
United States District Judge